Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50498 | **DATE** | 12/2/2003 |
| **CASE TITLE** | GANESAN vs. NIU BOARD OF TRUSTEES, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to dismiss is granted. This case is dismissed in its entirety with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Sengoda Ganesan, filed an amended complaint against defendants, NIU Board of Trustees, John Peters, J. Ivan Legg, Steve Cunningham, P Vohra, Admasu Zike, R Kasuba and Simon Song, under 42 U.S.C. § 1983 claiming denial of due process and equal protection in violation of the Fourteenth Amendment to the U.S. Constitution and a violation of his First Amendment right to freedom of speech. Defendants move to dismiss the action against the Board of Trustees and the individual defendants in their official capacities on Eleventh Amendment grounds and the balance of the claims for failure to state a claim. Fed. R. Civ. P. 12 (b) (1), (6).

Plaintiff is a tenured member of the mechanical engineering faculty at NIU. He was disciplined for confrontations with other faculty members. The disciplinary action precluded him from participating in any personnel process involving certain named faculty members and from the personnel process of certain other faculty members if they so requested. He was directed to attend workshops as specified by the human resources office. Apart from the disciplinary process, plaintiff was removed from his positions as member and chair of the College Council Personnel Committee (CCPC) and as a member of the University Council Personnel Committee (UCPC) after a vote of no confidence was held by the mechanical engineering faculty to remove him as its representative to the CCPC (CCPC membership being a prerequisite to UCPC membership.)

Neither the state nor its officials acting in their official capacities are persons subject to suit for damages under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). The NIU Board of Trustees is an arm of the state which cannot be sued either for money damages or equitable relief under section 1983. See Whittaker v. Northern Ill. Univ. Bd. of Trustees, No. 00 C 50447, 2002 WL 992660, *1 (N.D. Ill. May 14, 2002) (Reinhard, J.) The claims against the Board of Trustees and against the individual defendants in their official capacities are therefore dismissed with prejudice.

A complaint may be dismissed under rule 12 (b) (6) only where taking all the facts alleged by plaintiff to be true and construing all inferences in plaintiff's favor, plaintiff fails to state a claim on which relief can be granted. Pleva v. Norquist, 195 F.3d 905, 911 (7th Cir. 1999). Plaintiff asserts a deprivation of property without due process. While plaintiff may have a property interest in his employment as a tenured faculty member, his property interest does not extend to participation in personnel decisions, membership on committees, or avoiding workshop attendance. See Swick v. City of Chicago, 11 F.3d 85, 87 (7th Cir.1993) ("property" does not extend to nonpecuniary dimensions of employment); Luellen v. City of East Chicago, No. 02-3188, 2003 WL 2270622, *7 (7th Cir. Nov. 18, 2003) ( on-call pay lost due to temporary suspension not protected property interest); Townsend v. Vallas, 256 F.3d 661, 676 (7th Cir. 2001) ( possibility for extra income from coaching lost due to temporary suspension not protected property interest.)

Plaintiff also asserts deprivation of a liberty interest without due process. His alleged liberty interest is his good name and reputation from serving on the university committees discussed above. A claim for deprivation of a liberty interest requires plaintiff to show damage to his good name, reputation, honor or integrity. Omosegbon v. Wells, 335 F.3d 668, 675 (7th Cir. 2003). The stigmatizing harm must be concrete and extend beyond mere reputational interests. Id. There must have been a public announcement which at lest implied dishonesty or moral turpitude. Id. Plaintiff has not alleged anything that would lead to the conclusion that the actions taken against him implied any dishonesty or moral turpitude. This defeats his claim. See Id.

Plaintiff asserts a denial of his Fourteenth Amendment right to equal protection of the laws. He is proceeding on a "class of one" theory which requires (1) that he was intentionally treated differently from others similarly situated and that there is no rational basis for the different treatment or (2) or that individuals who are prima facie identical in all relevant respects are being treated unequally because of a totally illegitimate animus toward plaintiff by defendant. Nevel v. Village of Schaumburg, 297 F.3d 673, 681 (7th Cir. 2002). Defendants must have "deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties" of defendant's positions. Hilton v. City of Wheeling, 209 F.3d 1005, 1008 (7th Cir. 2000), cert. denied 531 U.S. 1080 (2001). Plaintiff's complaint is thirty pages long and contains 104 numbered paragraphs. It meticulously sets forth the facts on which plaintiff relies. Assuming the facts to be true and drawing all inferences in plaintiff's favor, plaintiff does not state a claim for damages for an equal protection violation. The actions taken by defendants did not cause plaintiff any significant legally cognizable injury. He was not fired, demoted, nor have his pay or benefits reduced. The harm he alleges does not rise to the level of significant actual harm and, therefore, is insufficient to state a damage claim under Section 1983. See Jones v. Reagan, 696 F.2d 551, 555 (7th Cir. 1983) (alleged racially motivated transfers insufficient to allege equal protection violation for section 1983 damage claim.)[1]

Additionally, Plaintiff also claims violation of his First Amendment free speech right. He argues defendants actions against him silenced him from having a public voice in personnel matters and from speaking out in a public forum about defendants' "abuses and violations." However, the facts alleged by plaintiff do not indicate he was denied a right to speak in a public forum about his concerns or sanctioned for such public speech. Rather, the actions he complains of "concerned the performance of his duties as an employee of the university and a member of the department, not as an interested citizen or an academic communicator of protected ideas." Omosegbon, 335 F.3d at 677. Thus, his First Amendment free speech rights have not been infringed.

For the foregoing reasons, defendants' motion to dismiss is granted. This case is dismissed in its entirety with prejudice.

---

[1] This lack of significant actual harm defeats his Section 1983 claim based on the First Amendment as well.